UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ERNESTO ANTONIO PADILLA BARRERA, | Case No. 5:26-cv-01655-FLA (DFM) |
|---|---|
| Petitioner, | **ORDER SETTING BRIEFING SCHEDULE FOR RESPONSE TO PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 6]** |
| v. | |
| MARKWAYNE MULLIN, *et al.*, | |
| Respondents. | |

On April 6, 2026, Petitioner Ernesto Antonio Padilla Barrera ("Petitioner") filed the subject *Ex Parte* Application for Temporary Restraining Order ("Application"), requesting the court issue a temporary restraining order "directing Respondents to immediately release Petitioner from custody and barring his re-detention unless and until Respondents prove by clear and convincing evidence at a future, post-release bond hearing that he is either a danger to others or a flight risk." Dkt. 6 at 1.

The court sets the following briefing schedule on the Application. Respondents' response to the Application shall be filed on or before April 17, 2026. *See* Local Civil Rule App. C(2). Petitioner's deadline to file a reply shall be April 24, 2026. The Application shall be taken under submission as of April 24, 2026, and the

court will set the matter for hearing if the court deems one necessary or appropriate. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

To preserve the court's jurisdiction pending a ruling in this matter, it is **ORDERED** that Petitioner shall not be removed from the United States unless and until this court orders otherwise. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court and maintaining adequate access to legal counsel throughout the duration of these proceedings, it is **ORDERED** that Petitioner shall not be transferred outside this District absent further order from this court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief").

IT IS SO ORDERED.

Dated: April 10, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

2